## PULLMAN'S PALACE-CAR CO. v. CENTRAL TRANSP. CO.

(Circuit Court of Appeals, Third Circuit. October 12, 1896.)

### No. 15, September Term, 1896.

APPEALS—ELECTION OF REMEDIES—ACT MARCH 3, 1891—PRACTICE.

By Act March 3, 1891, a party seeking to appeal is not put to an election of remedies where a constitutional question arises, but has a right to raise such question by a resort to the supreme court, under the fifth section, and, while such appeal is pending, to avail itself of the defenses permissible under the sixth section by an appeal to the circuit court of appeals; but the latter court will continue the cause to await the decision of the supreme court. McLish v. Roff, 12 Sup. Ct. 118, 141 U. S. 661, distinguished.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Motion to dismiss appeal.

Edward S. Isham and Joseph H. Choate, for appellant.

Frank P. Prichard and John G. Johnson, for appellee.

Before SHIRAS, Circuit Justice, and WALES and GREEN, District Judges.

SHIRAS, Circuit Justice. We are met at the threshold of this case with a motion to dismiss the appeal, on the ground that it is void, having been taken while a previous appeal to the supreme court was pending and undetermined. The final decree of the circuit court was entered on January 26, 1896, and an appeal therefrom to the supreme court was taken and allowed on February 1, 1896. That appeal is still undisposed of, and, so far as we are informed, no motion to dismiss the same has been made. The appeal to this court was taken

on April 29, 1896, within the time prescribed by law.    If this motion to dismiss should prevail, it would be too late to take another appeal, even if the appeal to the supreme court should hereafter be held by that court to have been improvidently taken.    The hardship thus resulting would not of itself be a sufficient reason why the motion should not be granted; nor can the inaction of the appellee in not at once moving to dismiss the appeal to the supreme court, and thus affording an opportunity to the appellant to take a timely appeal to this court, be deemed to estop the appellee from insisting on its present motion.    But such resulting hardship may well warrant a refusal of the motion, unless it is quite clear that no other course is legally permissible.

Undoubtedly, the principle contended for by the appellee, that a party cannot prosecute two appeals in the same case at the same time, may be conceded to be a general one.    But does the present case fall within that principle?    The record discloses that the appeal to the supreme court was taken under section 5 of the act of March 3, 1891, upon the proposition that the case is one "involving the construction or application of the constitution of the United States."    The appeal to this court is based on the provision of the sixth section of the act. Should the supreme court decide that the case does not present a constitutional question under the fifth section, and hence dismiss that appeal, it would follow that the appellant's proper remedy is by way of appeal to this court, under the sixth section.    Does the fact that the appellant took a void appeal to the supreme court defeat its right of appeal to this court?    Or, in other words, is the act of 1891 to be construed as giving an appellant only an election between an appeal under the fifth section and one under the sixth section?

The question thus presented is a new one, and we do not feel disposed to lead the way in so construing the act of 1891 as to practically deprive suitors of the right to appeal under both the fifth and sixth sections.    And, of course, it is evident that, if appellant cannot take an appeal under the sixth section until the supreme court has decided the appeal under the fifth section, the time prescribed by the statute within which the former must be taken would have elapsed.    Our view is that the party seeking to appeal is not, by the terms and meaning of the statute, put to an election between the remedies of the fifth and sixth sections, but has a right to raise a constitutional question by a resort to the supreme court, and to avail itself of the defenses permissible under the sixth section by an appeal to this court.    Of course, if the supreme court should hold that it has jurisdiction under the fifth section, that court will, in the case of a constitutional question, consider and decide the entire case (Chappell v. U. S., 160 U. S. 499, 16 Sup. Ct. 397); and in that event no judgment of this court would be necessary.    Should, however, the supreme court decide that it has no jurisdiction to entertain the appeal, this court will be left free to act under the sixth section.    Congress was, of course, well aware that, in the condition of the docket of the supreme court as it is and has been for years past, the hearing and determination of an appeal to that court could not be had within the time fixed for an appeal to this court; and we are unwilling to suppose that a delay so occasioned was

intended to operate as a denial to the party of its rights under the sixth section.

We think the case of McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, relied on by the appellee, is not inconsistent with this view. The appeal there was under the first clause of the fifth section, raising the question of the jurisdiction of the circuit court; and the writ of error was sued out to the supreme court before final judgment. It was held that the question of the jurisdiction of the circuit court could only be raised by electing to have such question certified to the supreme court, where that question only would be considered. The language of the court must be read in view of that single question. The present case is one arising under other clauses of the fifth section, whereby are raised questions involving the construction or application of the constitution of the United States, and which, by the terms of the statute, are for the sole and exclusive jurisdiction of the supreme court. That this is the true reading of that decision appears from its statement that the act "provides for the distribution of the entire appellate jurisdiction of our national system between the supreme court of the United States and the circuit courts of appeals therein established, by designating the classes of cases in respect of which each of those two courts shall respectively have jurisdiction. But, as to the mode and manner in which these revisory powers may be invoked, there is, we think, no provision in the act which can be construed into so radical a change in all the existing statutes and settled rules of practice and procedure of federal courts as to extend the jurisdiction of the supreme court to the review of jurisdictional cases in advance of the final judgments upon them."

The motion to dismiss the appeal is overruled, and the cause is continued to await the result of the appeal to the supreme court.