## In re SISLER.

### (District Court, W. D. Virginia. August 25, 1899.)

1. BANKRUPTCY—HOMESTEAD EXEMPTION—EFFECT OF WAIVER.

Under the laws of Virginia, a written waiver of the right to a homestead exemption, contained in a note or other evidence of debt, though not a specific lien on the debtor's property, is an incumbrance upon it; and a court of bankruptcy has jurisdiction to enforce, against property set apart to a bankrupt as his homestead exemption under the laws of that state, the rights of creditors who hold his notes containing such a waiver of exemption, though they have not reduced their claims to judgment.

2. SAME.

Where the bankrupt claims a homestead exemption in property surrendered, but debts are proved as to which he has waived the benefit of the exemption laws, the trustee must sell the property claimed as a homestead, or so much thereof as may be necessary, and pay such debts as have the benefit of the waiver; and the residue of the property claimed as homestead, or of the proceeds of sale thereof, will be set apart to the bankrupt.

In Bankruptcy. On review of a decision of the referee in bankruptcy.

Hoge & Hoge, for bankrupt.
Berkeley & Bryan, for creditor.

PAUL, District Judge. In this case the question presented to the court is the right of the bankrupt to have set apart to him, under

the homestead exemption laws of Virginia, his homestead, free from a debt proved in a bankrupt court by a creditor holding notes containing a waiver of the homestead exemption; or, in other words, can such a debt be enforced in a court of bankruptcy against property claimed by the bankrupt as exempt to him as a homestead? The constitution of the state of Virginia (article 11, § 1, p. 48, Code 1887) contains the following homestead provision:

"Every householder or head of a family shall be entitled, in addition to the articles now exempt from levy or distress for rent, to hold exempt from levy, seizure, garnisheeing or sale, under any execution, order or other process, issued on any demand for any debt heretofore or hereafter contracted, his real or personal property or either, including money and debts due him, whether heretofore or hereafter acquired or contracted, to the value of not exceeding two thousand dollars, to be selected by him: provided that such exemption shall not extend to any execution, order or other process issued on any demand in the following cases."

The debt proved in this case by the creditor does not fall within any class of the excepted debts and obligations, and, were it not for the waiver contained in the notes evidencing the debt proved, the bankrupt would unquestionably be entitled to have the property surrendered by him, valued at $771, set apart to him as exempt under the homestead provision of the constitution of the state of Virginia. But section 3647 of the Code of Virginia of 1887 provides that the debtor may waive the benefit of the homestead exemption given by section 1, art. 11, of the state constitution:

"Sec. 3647. Waiver of Exemption; Its Effect; Form of Waiver.—If any person shall declare in a bond, bill, note, or other instrument, by which he is or may become liable for the payment of money to another or by a writing thereon or annexed thereto, that he waives, as to such obligation, the exemption from liability of the property or estate which he may be entitled to claim and hold exempt under the provisions of this chapter, the said property or estate, whether previously set apart or not, shall be liable to be subjected for said obligation, in like manner and to the same extent as other property or estate of such person. * * * The following or equivalent words shall be sufficient to operate as the waiver hereinbefore provided for: 'I (or we) waive the benefit of my (or our) exemption as to this obligation.'"

Section 3631, Code Va. 1887, provides how exemption of homestead in real estate is secured, and section 3639 provides how a homestead shall be set apart in personal estate.

"Sec. 3639. How Set Apart in Personal Estate.—Such personal estate shall be selected by the householder and set apart in a writing signed by him. He shall in the writing designate and describe with reasonable certainty the estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof; and the said writing shall be admitted to record, to be recorded as deeds are recorded, in the county or corporation wherein such householder resides."

The homestead exemption claimed by the bankrupt is in personal property, and he complied with the requirements of section 3639 in designating the same as a homestead, and it is admitted that he is a householder and head of a family.

W. W. Berkeley, administrator of Alexander O'Connor, deceased, proved before the referee a debt for $1,480, the notes evidencing the same containing a waiver of the homestead exemption. The trustee demanded of the bankrupt that he surrender the personal property

claimed as a homestead exemption, but the bankrupt declined to surrender the same. The question as to the bankrupt's right to hold the property as a homestead against a debt containing a waiver of the homestead exemption was by proper proceedings brought before the referee having charge of the case. The referee decided "that as to such claims as have been or may be proved in this matter in which the said George W. Sisler has waived his homestead exemption as provided by the laws of the state of Virginia, that he, the said George W. Sisler, is not entitled to hold as exempt any of the said property set out and described in Schedule B, No. 5, of the petition in this case, therein claimed as exempt, except the one horse, and the tools pertaining to his trade." The referee directed that the property be turned over to the trustee, by him to be sold, and the proceeds deposited in court, to be disposed of as the court might direct. The bankrupt, desiring a review of the order of the referee, filed his petition therefor as provided by rule 27 of general orders in bankruptcy (89 Fed. xi.), and thus the question before the referee is presented to the judge of this court for decision.

The contention of the bankrupt is that a creditor holding a debt evidenced by a note containing a waiver of the benefit of the homestead exemption cannot enforce his debt in a court of bankruptcy against property which the bankrupt has claimed and set apart under the provisions of the homestead law. He bases this claim—

First, on the ground that the creditor at the time of the order of adjudication had obtained no lien on the property by judgment rendered, execution issued thereon, and levied on the specific property claimed to be exempt as a homestead. It is argued by counsel for the bankrupt that, if such a lien had been secured on the property, while a discharge of the bankrupt would have been a discharge of the debt as against him, the lien would survive the discharge, and could be enforced in the state courts, but, there being no such lien, the debt containing a waiver of the homestead exemption is only "a common debt"; that is, a debt in which the exemption is not waived. The position that a debt evidenced by a note containing a waiver of the homestead stands upon the same footing as an open account, or a nonwaiver note, in the administration of an insolvent estate, where a homestead exemption is claimed, cannot be sustained. It is true that a note containing a waiver of the homestead exemption does not constitute a specific lien on the property which may be claimed as a homestead, but it does create an incumbrance upon such property. Section 3, art. 11, of the constitution provides:

"Nothing contained in this article shall be construed to interfere with the sale of the property aforesaid, or any portion thereof, by virtue of any mortgage, deed of trust, pledge or other security thereon."

In Re Solomon, 2 Hughes, 164, Fed. Cas. No. 13,166, a creditor held, as in this case, a note containing a waiver of the homestead exemption. Chief Justice Waite in that case said:

"But it is further provided that nothing in the article of the constitution referred to should be construed to interfere with the sale of the property, or any portion of it, by virtue of any mortgage, deed of trust, pledge, or other security thereon. Thus it is made expressly to appear that it was not the intention of

the framers of the constitution to prevent the householder from contracting for the sale or incumbrance of the property. He was not required to hold it absolutely for himself and family. It was to remain entirely under his personal control, to be dealt with in such manner as he saw fit. His right to sell and incumber is as distinctly given as his right to select. If he sells or incumbers before he selects, his power of selection as against such sale or incumbrance is gone. No particular form of incumbrance is specified; that is left to the discretion of the legislature. Now, a waiver of the right to select is, in effect, an incumbrance on the property which might be selected."

While there is not a lien on the property designated as a homestead, it comes into the bankrupt court incumbered by a waiver of the right of the bankrupt to claim the property as exempt.

In Re Solomon, supra, the facts, as stated in the opinion of Chief Justice Waite, were as follows:

"On the 31st of January, 1873, the bankrupt executed to Glazebrook and Thomas, at Richmond, Va., his note for the payment to them, or their order, of the sum of $234.50, at sixty days after date. It contained the following clause: 'I hereby waive the benefit of the homestead exemption as to this debt.' Glazebrook & Thomas indorsed this note to Gibson & Crilly. Solomon was adjudged a bankrupt, on his own petition, upon the 1st of May, 1873. Gibson & Crilly made proof of their claim against the estate on the 24th of May. An assignee was appointed, who, on the 16th of February, 1874, set off to the bankrupt his homestead exemption under the laws of Virginia, without regard to the waiver expressed in the note of Gibson & Crilly. They thereupon filed their petition in the district court, the object of which was to set aside this action of the assignee, so far as it operated to prevent their subjecting the property set off to the payment of their debt in case the remainder of the bankrupt's estate should prove insufficient for that purpose. Their claim for this relief is predicated entirely upon the waiver of the exemption which is contained in their note."

The facts in that case, which arose under the bankrupt act of 1867, and those in the case before us, are so very similar as to make the same principles applicable in both. In that case the court held that a note containing a waiver of exemption must be paid out of the property set apart by the assignee to the bankrupt as a homestead exemption. It is a complete answer to the position taken by counsel for the bankrupt in this case that a note containing a waiver of the homestead exemption is of no higher dignity than one in which the exemption is not waived. It has priority over nonwaiver debts, where the question of a homestead exemption is involved, and must be enforced as required by section 64 (5).

A second ground assigned in support of the position that this court cannot enforce the payment of a debt waiving the homestead against the property claimed by the bankrupt as a homestead is based on section 6 and on section 70 (a) of the bankrupt act of 1898. Section 6 is as follows:

"Sec. 6. Exemptions of Bankrupts.—a This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

### Section 70 (a) provides:

"Sec. 70. Title to Property.—a The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors if he shall have one or more, upon his or their appointment and qualification, shall in

turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt."

It is insisted that by these provisions of the bankrupt act no title to the property claimed by the bankrupt to be exempt under the Virginia homestead law passes to the trustee. That the title to property exempt by state laws does not pass to the trustee in bankruptcy cannot be questioned. Similar provisions to those just quoted from the bankrupt act of 1898 are found in the bankrupt law of 1867. Yet it was held in Re Solomon supra, that, where there was a waiver of the homestead exemption, the property claimed to be exempt as a homestead did pass to the assignee. The error in the argument which insists that the title to the property claimed by the bankrupt as a homestead does not pass to the trustee lies in the fact that such property is not, by the constitution and laws of Virginia, absolutely exempt from the payment of debts. The argument of counsel for the bankrupt applies to such specific property as is exempt under section 3650, Code Va., on which any deed of trust, mortgage, or other writing or pledge made by a householder to give a lien on such property is void as to such property. Section 3655, Id. The distinction between the character of exemption of property given by section 3650 and that of the homestead exemption allowed by the constitution is very clearly stated by the court of appeals of Virginia in Reed v. Bank, 29 Grat. 719. Christian, J., delivering the opinion of the court, says:

"The privilege given by the constitution is a personal privilege, to be exercised by him or not, as he may choose. The constitution does not declare, as does the poor debtors' law, that certain property 'shall be exempt' from levy, etc., but that the householder or head of a family shall be entitled to hold property, to be selected by him, to the value of $2,000. In the former case the law executes itself. It is a part of the public policy of the government to exempt that particular property absolutely from forced sale, and its provisions cannot be waived. But there is no such constitutional declaration that property to the amount of $2,000 'shall be exempt.' On the contrary, the very language used plainly shows that it may be exempt only when the privilege given to the householder or head of a family has been exercised, and the property selected and set apart by him."

The same court, in Linkenhoker's Heirs v. Detrick, in 81 Va. 44, followed the decision in Reed v. Bank. In the Case of Solomon, referred to above, Waite, C. J., says:

"The privilege, so far as it is given by the constitution, is personal to the householder. The language is, 'to be selected by him.' If he neglects to act, no one is authorized by the constitution to act in his place. The case is entirely different from what it would have been if it had been declared that certain specific property should not be sold under execution, etc. In that case the constitution, or a law containing similar provisions, would execute itself, and, as it would be a part of the public policy of the government to exempt that particular property absolutely from forced sale, its provisions could not be waived. It would be beyond the legal power of an officer to levy upon and sell such property."

These decisions firmly establish the distinction between property that, under the laws of the state, is exempt, the title to which remains in the bankrupt, and that which the debtor has the privilege of claiming as a homestead exemption. As to the former, the trustee takes

no title, while as to the latter he takes title where the bankrupt has, in contracting a debt, waived his right to the benefit of a homestead exemption.

Various decisions have been cited by counsel for the bankrupt in support of the position that property claimed as a homestead in Virginia does not pass to the trustee. These decisions have been rendered in construing the homestead laws of other states. The homestead laws of the different states differ so widely in their provisions that decisions interpreting them afford us little or no aid in arriving at a correct conclusion in construing the laws of Virginia pertaining to a homestead exemption. In this case we are guided by the decisions of both the state and the federal courts, so far as the questions under consideration have come before them. These decisions sustain the position of the creditor in this case that his debt, containing a waiver of the homestead exemption, can be enforced in this court against the property claimed by the bankrupt as exempt under the provisions of the homestead law. The court can find no reason for denying the right of the creditor to have the property surrendered by the bankrupt subjected to the payment of his debt. We have seen that this property is not exempt. The debt proved by the creditor is not a lien on this property, and therefore cannot follow it after the discharge of the bankrupt, and be enforced in a state court. The discharge of the bankrupt could be pleaded in the state court as a complete bar to its recovery. It is not a debt that can survive a discharge in bankruptcy. Section 17 (a) provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district or municipality in which he resides; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

The debt in this case is a provable debt, has been duly proved before the referee, and does not fall within any of the excepted classes. It can no more survive a discharge, and be enforced in a state court, than if it were a debt due by open account. To hold otherwise would be to deny the creditor the only remedy he has against the property surrendered by the bankrupt, and which is liable to the payment of his debt. We would turn him out of this court, with no right to resort to any other, without being confronted by the order of adjudication or the bankrupt's discharge, either of which would unquestionably bar a recovery in any tribunal. A further effect of such a holding would be to allow the bankrupt to take out of this court, under a claim of homestead, property surrendered by him, to which he had waived his homestead exemption. The bankrupt would have the property, and the creditor lose his entire debt. In a case where the bankrupt claims a homestead in the property surrendered, and debts are proved, in which the benefit of the homestead exemption has been waived, it is the duty of the trustee to sell the property claimed as

a homestead, or so much thereof as may be necessary to pay debts proved, as to which the benefit of the homestead exemption has been waived. The residue of the property claimed as a homestead, if any, or the proceeds of the sale thereof, will be allowed the bankrupt under his claim of homestead.

The decision of the referee and the order made thereon were correct, and the same are sustained.