FENLEY v. POOR et al.

(Circuit Court of Appeals, Sixth Circuit. April 17, 1903.)

No. 1,132.

1. Bankruptcy—Mortgagee of Homestead—Secured Creditor.
   Under the provisions of the bankruptcy act contemplating the allowance of exemptions to a bankrupt by the trustee and court, a homestead passes to the trustee; and hence the mortgagee of a homestead is a "secured creditor," within the definition of the act making the term include a creditor who has security on property of a nature to be assignable thereunder, and cannot prove his debt as an unsecured claim.

Appeal from the District Court of the United States for the Eastern District of Kentucky.

This is an appeal in a bankruptcy proceeding wherein the trustee set apart to the appellee Roberts the house and lot which he occupied as a homestead, which was appraised at $1,000, and which, under the Kentucky statute, was exempt. Several years prior to the bankruptcy proceedings, Roberts and his wife had placed a mortgage on this property for $600, upon which at the time the homestead was set apart there was due $760. Being allowed a homestead not exceeding in value $1,000, under the statute of Kentucky, the bankrupt filed a petition which, after it was amended, asked to have $760, the balance of $1,000, to which he claimed he was entitled, set apart out of other real estate which he owned at the time of the adjudication in bankruptcy. The District Court denied this petition, and, in the opinion filed at the time, suggested that, the mortgage being on exempt property, the mortgagee was not a secured creditor, within the meaning of the bankruptcy act, and should therefore prove her claim as a general creditor, and, to the extent that she received dividends from the bankrupt's estate, the bankrupt should have the benefit by having the mortgage indebtedness on his homestead reduced by that amount. Elizabeth W. Poor, the mortgagee, then filed her claim for $760 against the bankrupt estate; setting up the fact that she was secured by a mortgage on real estate, describing it, and filing the mortgage as part of the claim. The trustee objected to the allowance of this claim because he insisted it was a secured claim, but his objections were overruled by the referee, and the trustee took the matter before the district judge, who sustained the referee, and allowed the claim against the estate, from which judgment the trustee appealed to this court.

W. M. Fenley, for appellant.
J. G. Tomlin, for appellee Poor.
S. D. Rouse, for appellee Roberts.

Before LURTON and SEVERENS, Circuit Judges, and WANTY, District Judge.

WANTY, District Judge, after making the foregoing statement, delivered the opinion of the court.

The question presented is whether or not a debt secured by a mortgage upon real estate in which the bankrupt has a homestead can be proved against the bankrupt's estate as an unsecured claim. The appellees contend that such a claim is not a secured claim, because, in the definition in the bankruptcy act, it is stated that the term "secured creditor" shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under the act, and that the homestead of the bankrupt is not so assignable. In construing the exemption statute, the Court of Appeals of Kentucky, in the case of Gaines v. Casey, 10 Bush, 92, draws a distinction between the homestead exemption and the legal title to the fee, and holds that the right to a homestead may be waived by mortgaging it, and that such security would terminate whenever the debtor ceased to be a housekeeper or removed from the premises, although, if the mortgage was of the fee, it could not be thus affected. This construction would leave the fee, which is separate and distinct from the homestead exemption, assignable, even under the contention of the appellees. But the definition in the bankruptcy act refers to the nature of the property, and, if it is such as to be assignable under the act, the fact that it includes exemptions under the state laws in force at the time of the filing of the petition could not affect its nature and make it nonassignable. The act provides that the bankrupt shall make claim under oath to his exemptions, and file the same in triplicate, and also makes it the duty of the trustee to set apart the bankrupt's exemptions and report the items and estimated value to the court, and makes it the duty of the judge to determine all claims of bankrupts to their exemptions. These provisions clearly indicate that the whole estate of the bankrupt is assigned, under the law, to the trustee, and that then the claim of the bankrupt is to be made for his exemptions, which are to be set apart by the trustee and determined by the court. The fact that the debtor has a homestead right in a tract of land does not change the nature of the property and make it nonassignable. In re Sisler (D. C.) 96 Fed. 402. The homestead right may be abandoned, or, if there be no objection or application on the part of the bankrupt to have the homestead set apart to him, the property may be sold, and the proceeds distributed among his creditors. Collier on Bankruptcy (4th Ed.) pp. 80, 81, 82, and cases in notes. The property is of a nature to pass to the trustee, and after it passes it may be either set apart to the bankrupt or converted into money. There are cases in which real estate of greater value than is allowed by the statute as exempt, in which the bankrupt has a homestead right, is converted into money, and the amount of the exemption is paid to the bankrupt, and the balance distributed among his creditors. In re Oderkirk (D. C.) 103 Fed. 779. When the property is sold by the trustee, or is set apart as exempt, the trustee has no further interest in or control of it; but

the security of the mortgagee is not affected thereby, and he is no less a secured creditor because the property covered by his mortgage has been set apart as exempt. In re Little (D. C.) 110 Fed. 621. The claim should not have been allowed as an unsecured claim. It could only participate in the dividends after the value of the security is deducted from the amount of the debt.

It follows that the order appealed from must be reversed, and the cause remanded, with directions to disallow the claim, as one unsecured.