---

In re NYE.

(Circuit Court of Appeals, Eighth Circuit. October 6, 1904.)

No. 32.

1. BANKRUPTCY—HOMESTEAD—RIGHT OF POSSESSION.

Under the homestead exemption law of Colorado (Mills' Ann. St. Colo. §§ 2132–2139), which exempts to the head of a family a homestead not exceeding $2,000 in value, while occupied by him, but provides that, on the affidavit of a creditor that the homestead is of greater value, it may be sold as in ordinary cases, and, if it realizes more than $2,000, that amount shall be paid to the owner, and the excess applied on the creditor's demand, but, if it sells for less, the sale shall be ineffective, a trustee in bankruptcy is not entitled to possession of the bankrupt's homestead, whatever may be its alleged value; the bankrupt being entitled to possession until its sale under an order of court made pursuant to the statute.

2. SAME—WAIVER OF EXEMPTION IN MORTGAGE.

The waiver of homestead exemption in a mortgage given by a bankrupt is in favor of the mortgage creditor alone, and does not inure to the

133 F.—3

benefit of others. If the mortgage is valid, the exemption, as against the mortgage creditor, is restricted to the equity of redemption, and the rights of other creditors are subordinate to both the mortgage lien and the payment of the bankrupt's exemption allowance given him by statute in case of sale.

On Petition for Review.

George P. Costigan, Jr. (Milton R. Welch and Edward P. Costigan, on the brief), for petitioner.

Thomas D. Cobbey (Philo B. Tolles, on the brief), for respondent.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

VAN DEVANTER, Circuit Judge. This is a petition for a review of an order of the District Court in Colorado requiring the surrender to the trustee in bankruptcy of the possession of lands occupied by the bankrupt and his family under the homestead exemption laws of that state. The lands embrace a farm of 165 acres, worth not exceeding $9,000, appraised at $6,750, and incumbered by a mortgage securing the payment of a debt of $7,500, with more than $500 of accrued interest, and containing a waiver of the homestead exemption. The right to a homestead exemption, the proper designation of the lands as a homestead according to the laws of the state, and the due assertion of the exemption in the bankruptcy proceedings, are conceded. The single question is, does the fact that the value of the lands exceeds $2,000 authorize the bankrupt court to take from the bankrupt and his family the possession and occupancy of the lands as an exempt homestead, otherwise than by a sale of the lands for more than $2,000, and a direction for the payment of that sum to the bankrupt out of the proceeds of the sale? The answer must be found in the laws of the state. The express terms of the bankruptcy act are such that it does not affect the allowance to bankrupts of the exemptions which are prescribed by state laws, and does not invest the trustee in bankruptcy with the title to property which is exempt. Act July 1, 1898, c. 541, §§ 6, 70, 30 Stat. 548, 565 [U. S. Comp. St. 1901, pp. 3424, 3451]; Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; Ingram v. Wilson, 60 C. C. A. 618, 125 Fed. 913; In re Irvin, 57 C. C. A. 147, 120 Fed. 733; Huenergardt v. Brittain Co., 53 C. C. A. 505, 116 Fed. 31; Steele v. Buel, 44 C. C. A. 287, 104 Fed. 968. The provisions authorizing bankrupt courts to determine all claims of bankrupts to their exemptions, and directing trustees to set apart the bankrupt's exemptions (sections 2, 47, 30 Stat. 545, 557 [U. S. Comp. St. 1901, pp. 3420, 3438]), disclose no purpose to render the exemptions less beneficial than intended by state laws, but are in harmony with the purpose of the act, disclosed in other provisions, to make those laws the measure of the extent and nature of the exemptions, as well as of the right to them.

By the laws of Colorado (Mills' Annotated Statutes), every householder, being the head of a family, is entitled to a homestead, exempt from execution and attachment (section 2132), which may consist of a house and lot or lots in any town or city, or of a farm consisting of any number of acres, so that the value does not exceed $2,000 (section 2136). The homestead must be designated by causing the word "homestead"

to be entered in the margin of the recorded title (section 2132), and "shall only be exempt * * * while occupied as such by the owner thereof, or his or her family" (section 2134). Upon the death of the owner the homestead descends to the widow or husband or minor children, and, if there be none of these, it is liable for the debts of the deceased (section 2135). Where the homestead is sold, no judgment or other claim against the owner is a lien against the same in the hands of a bona fide purchaser for value, and any subsequent homestead acquired with the proceeds of the sale is exempt in like manner as the one sold. Section 2139. If any creditor is of opinion that the homestead is of greater value than $2,000, he may, on filing an affidavit of that fact with the clerk of the district court, proceed against the homestead as in ordinary cases, and, if it sells for more than $2,000 and costs, the excess is to be applied to the payment of the demand of the creditor, "but in all such cases the sum of two thousand dollars, free of charge or expense, shall be paid to the owner of the homestead; and in case the said homestead shall not sell for more than two thousand dollars and costs, the person instituting the proceeding shall pay all costs of such proceeding and the said proceeding cease and not affect or impair the rights of the owner of the homestead." Section 2138.

The decisions of the Supreme Court of the state are to the effect that the purpose of this legislation is to preserve the home for the family, subject to three restrictions: One, that the designation of the homestead shall be noted upon the recorded title; another, that the exemption shall continue only during the homestead occupancy; and another, that, if the lands so designated and occupied exceed $2,000 in value, this does not avoid the exemption or the right of homestead occupancy, or require a new designation of some portion of the premises not exceeding the prescribed value, but any creditor making oath that the lands are of greater value than $2,000 may have them sold to satisfy his claim, with the qualification that, if they do not sell for more than $2,000 and costs, the sale will be of no effect, and, if they do sell for more, that $2,000 thereof is to be paid to the homestead debtor, that he may obtain therewith another homestead, to be likewise exempt. Barnett v. Knight, 7 Colo. 365, 370, 374, 3 Pac. 747; McPhee v. O'Rourke, 10 Colo. 301, 307, 15 Pac. 420, 3 Am. St. Rep. 579. See, also, Dallemand v. Mannon, 4 Colo. App. 262, 267, 35 Pac. 679; Copeland v. Bank, 13 Colo. App. 489, 59 Pac. 70; Jones v. Olson, 17 Colo. App. 144, 67 Pac. 349.

No statement or proof of the value of the homestead is required to be made when it is designated. The value being largely matter of opinion, impossible of certain ascertainment and likely to change, the debtor and his family would receive uncertain or no protection from the exemption if it could be wholly avoided by showing that at the time of the designation of the homestead, or at any subsequent period, its value was, in the opinion of others, in excess of the amount prescribed. Upon the other hand, the exemption would operate unreasonably and unjustly against creditors if the homestead were permanently exempted, irrespective of its value. In recognition of this, the several provisions of the statute are construed to mean that a homestead designated and occupied as such becomes and remains exempt until by a judicial sale,

had at the instance of a creditor, more than the prescribed amount with costs is realized therefrom, when the excess is to be applied to the demand of the creditor, and the prescribed amount is to be paid to the debtor, free of charge or expense, to enable him to acquire another homestead.

Thus it is said in Dallemand v. Mannon, supra:

"Our homestead act does not fix the quantity of land which may be held as a homestead. It is the value, and not the amount, which is limited; and, where a creditor is of the opinion that the value is greater than the debtor's right, he may, by taking the steps prescribed, have it all sold, and if it brings more than $2,000 he will get the excess; but there is no setting apart of any separate portion to the debtor, and calling that the exemption to which the law entitles him."

The same view is expressed by the Supreme Court of the state in Barnett v. Knight, supra. In that case, after indicating that the conveyance of an exempt homestead not exceeding $2,000 in value could not be fraudulent as to creditors, the court said:

"Of course, when the value of the property exceeds the exemption allowance, the creditor is interested; yet in such a case it by no means follows that, if a conveyance were set aside for fraud at the suit of creditors, the debtor would be estopped from still claiming and holding the exemption privilege acquired before the fraudulent transfer. * * * Section 1637 (2138) provides for cases where the premises exceed in value the exemption allowance of $2,000. The creditor may sell the same under his execution, but he is required to pay the debtor this amount from the proceeds. He is only entitled to apply to the discharge of his demand the surplus, after paying all costs, and $2,000 to the exemption claimant."

The right to occupy the homestead for homestead purposes is an inseparable part of the exemption, because its purpose is to protect such occupancy, and because when that is voluntarily discontinued the exemption ceases. It is clear, therefore, that the bankrupt has a homestead exemption in these lands, which antedates the bankruptcy proceedings, and that this exemption carries with it a right of homestead occupancy, which, like the exemption itself, can be terminated only by a sale of the lands for more than the prescribed amount and costs, when the exemption will be transferred to the proceeds of the sale.

Doubtless the bankrupt court has authority, upon a showing that the value of the homestead exceeds the mortgage debt and the exemption allowance, to direct a sale of the homestead, and—depending upon the amount realized at the sale—to give effect to the sale, or otherwise, as provided in the state statute; but it cannot otherwise terminate the homestead occupancy against the objection of the bankrupt. Possession of the homestead premises by the trustee in bankruptcy is not a prerequisite to such a sale.

The waiver of the exemption in the mortgage is in favor of the mortgage creditor alone, and does not inure to the benefit of others. If in other respects the mortgage is valid, the exemption, as against the mortgage creditor, is restricted to the equity of redemption, and the rights of other creditors are subordinate to both the mortgage lien and the payment of the bankrupt's exemption allowance. Waples, Homestead & Exemption, 551; Brown v. Cozard, 68 Ill. 178; Colby v. Crocker, 17 Kan. 527; McArthur v. Martin, 23 Minn. 74.

In the course of the argument, we were asked to say, when the homestead exceeds the prescribed value, whether the bankrupt is entitled to growing crops, and whether he may rent portions of the homestead and retain the rents. As these questions do not arise upon the present petition, we think their consideration should be deferred until there is occasion for their decision.

The order of the District Court is reversed, with costs.