## In re BAILEY.

(District Court, D. Utah. February 21, 1910.)

No. 1,254.

1. BANKRUPTCY (§ 396*)—ASSETS—HOMESTEAD—MORTGAGE.

Since homestead property does not pass to a bankrupt's trustee, the fact that it was mortgaged to certain creditors does not make it assets to be administered in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy. Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 311*)—PREFERENCES—SURRENDER.

The surrender of a preference contemplated by Bankr. Act July 1, 1898, c. 541, § 57, subd. "g," 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), must be to the trustee, and not to the bankrupt, nor to any other person.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 311.*]

3. BANKRUPTCY (§ 399*)—MORTGAGES—UNLAWFUL PREFERENCE—EXEMPT AND NONEXEMPT PROPERTY.

A mortgage on both exempt and nonexempt property constituting an unlawful preference, is only voidable by the mortgagor's trustee in bankruptcy as to the nonexempt property.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

4. BANKRUPTCY (§ 311*)—MORTGAGES—RELEASE.

A mortgage on a bankrupt's exempt and nonexempt property constituting an unlawful preference, was not required to be released so far as the exempt property was concerned as a condition to the mortgagee's right to prove the debt secured, but only so far as it covered assets of the bankrupt which were a fund for creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 311.*]

5. BANKRUPTCY (§ 310*)—CLAIMS—"SECURED CREDITORS."

A creditor of a bankrupt holding a mortgage on exempt property is not a "secured creditor" within Bankr. Act 1898, § 1(23), providing that secured creditors shall include one who has security for his debt on the property of the bankrupt of a nature to be assignable under the act, or who owns such a debt for which some indorser, surety, or other person sec-

---

ondarily liable for the bankrupt, has such security on the bankrupt's assets.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 310.*

For other definitions, see Words and Phrases, vol. 7, p. 6385.]

6. MARSHALING ASSETS AND SECURITIES (§ 3*) — SUPERIOR EQUITIES — HOMESTEAD—EXEMPTIONS.

Where a creditor has a mortgage on the debtor's exempt homestead, and also the right to prove his debt against the debtor's estate in bankruptcy, the debtor's homestead equity is superior to the rights of general creditors, who are not, therefore, entitled to have the assets marshaled and to compel the secured creditor to first exhaust his security before resorting to the general assets, under the rule that assets will not be marshaled to the disadvantage of the holder of an equal equity.

[Ed. Note.—For other cases, see Marshaling Assets and Securities, Cent. Dig. § 3; Dec. Dig. § 3.*]

Bankruptcy proceedings against A. H. Bailey. On petitions to review a referee's order denying the application of general creditors for the rejection of claims or for their subrogation to the claimants' right to certain security. Affirmed.

Joseph Chez, for bankrupt.

Agee & McCracken, for petitioning creditors Florence H. Bailey, Florence J. Hearst, and Ethel L. Turner.

A. E. Pratt, for First Nat. Bank of Ogden.

C. R. Hollingsworth, for trustee.

MARSHALL, District Judge. The bankrupt was entitled to a homestead exemption in the amount of $2,000. He owned two parcels of land each of the value of $1,250, and claimed his exemption in the entirety of parcel No. 1, and the further sum of $750 of the value of parcel No. 2. Within four months next preceding the filing of the petition in bankruptcy, he had executed a mortgage of parcel No. 2 to his wife, Florence H. Bailey, and to Florence J. Hearst and Ethel L. Turner to secure a pre-existing debt of $600 and interest, and with intent to unlawfully prefer those creditors. The mortgagees proved their claim as general creditors, and tendered a release of the mortgage, admitting the unlawful preference. Their claim was approved by the referee. Subsequently, a general creditor, and also the trustee, filed petitions with the referee to re-examine this claim, and asked that its allowance should be vacated; and that the value of the security should be credited on the claim to the extent of the exempt property mortgaged, or else that the trustee, for the benefit of the general creditors, should be subrogated to the rights of the mortgagee with respect to the exempt property, as a condition to the allowance of the claim as unsecured. The referee denied these petitions; and the present petitions for review seek a reconsideration of his action.

Since the trustee acted in the matter, it is unnecessary to consider whether a general creditor whose rights were not exceptionally affected could ask the re-examination of this claim. Certain principles of law applicable to this situation are beyond dispute, and may be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stated briefly. The title to the homestead property did not pass to the trustee. The fact that it was mortgaged to certain creditors did not make it assets to be administered in bankruptcy. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; In re Nye, 133 Fed. 33, 66 C. C. A. 139. The surrender of the preference contemplated by section 57, subd. "g," of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), must be a surrender to the trustee and not to the bankrupt or to any other person. In re Currier, Fed. Cas. No. 3,492, 2 Lowell, 436. A mortgage constituting an unlawful preference, where it includes both exempt and nonexempt property, is only voidable by the trustee as to the nonexempt property, and remains a valid mortgage as to the exempt property. In re Tollett, 106 Fed. 866, 46 C. C. A. 11, 54 L. R. A. 222; Vitzthum v. Large (D. C.) 162 Fed. 685; In re Eash (D. C.) 157 Fed. 996. It follows that the mortgage in question was not required to be released so far as the exempt property was concerned as a condition to the proof of claim on the debt secured by it, but it was necessary to surrender it so far as the assets of the bankrupt were a fund for creditors.

The question presented by the petitions for review may then be considered as if the mortgage creditor had only surrendered all claims under their mortgage to priority in the distribution of the bankruptcy estate, but had preserved their mortgage in respect to the exempt property. Under this state of facts, were they to be considered as secured creditors and only entitled to be paid a dividend on the unpaid balance after converting the security held by them and crediting the proceeds on their debt under the provisions of section 57, subd. "h," of the Bankruptcy Act. Section 1 (23) of the act defines "secured creditors" as follows:

" 'Secured creditors' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this act, or who owns such a debt for which some indorser, surety, or other persons secondarily liable, for the bankrupt has such security upon the bankrupt's assets."

As the exempt property was not of a nature to be assignable under the act, it follows that these creditors, after the surrender of their unlawful preference, were not secured creditors, as the term is there used. There is no express provision of the act which precluded them from proving their entire claim as unsecured creditors against the bankrupt's estate. But it is argued that the equitable principle of marshaling is applicable; that the mortgage creditors had a right to resort to two funds for a satisfaction of their claim, while the general creditors are restricted to the one, and hence, the former will either be required to first exhaust the fund applicable to their debt alone before resorting to the other; or, the general creditors will be subrogated to their right as to such fund. The rule of marshaling rests on equitable principles and will only be applied when equitable, and never to the disadvantage of a holder of an equal equity. So it has been held that "where judgment is recovered against two codefendants, and execution thereon is levied upon the property of one of them,

and the other is adjudged bankrupt, the judgment creditor may prove his claim against the bankrupt as unsecured" (In re Headley [D. C.] 97 Fed. 765); and also, "In a proceeding in bankruptcy, a creditor of the firm, holding security upon the separate property of one of the partners, may prove his entire claim against the joint estate without releasing his security, though the member whose individual assets constitutes the security, owes no individual debts" (In re Thomas, Fed. Cas. No. 13,886); and to the same effect are Ex parte Whiting, Fed. Cas. No. 17,573; Case of Howard, Fed. Cas. No. 6,750; In re Holbrook, Fed. Cas. No. 6,588; Case of Plummer, 1 Phil. Ch. 56. Here, I think the estates are to be considered as different. In the ordinary case where the creditor with a right to one fund insists on the marshaling of the securities of the creditor who can resort to two, the creditor so seeking a marshaling has a superior equity to the debtor; but not so as to a homestead exemption. The Legislature, in providing for this exemption, has formulated as a rule of public policy the superiority of right of a debtor to the exempt property over that of his creditors to the payment of their debts. It has said that it is more important that the debtor be not entirely stripped of his property than that his creditors be paid. So that, as to such property, it cannot be said that the general creditor has a superior equity. Many state courts have refused to marshal securities under these circumstances. Mitchelson v. Smith, 28 Neb. 583, 44 N. W. 871, 26 Am. St. Rep. 357; Colby v. Crocker, 17 Kan. 529; La Rue v. Gilbert. 18 Kan. 220; McLaughlin v. Hart, 46 Cal. 638; Wise v. Williams, 88 Cal. 30, 25 Pac. 1064. The case of Colby v. Crocker, supra, was cited with approval by the Circuit Court of Appeals of this circuit in Re Nye, 133 Fed. 33, 36, 66 C. C. A. 139, and, in fact, that decision seems to rest on the same principle. I am aware that there are many authorities contra. In re Sisler (D. C.) 76 Fed. 402; Fenley v. Poor, 121 Fed. 739, 58 C. C. A. 21; In re Meredith (D. C.) 144 Fed. 230; In re Sauthoff, Fed. Cas. No. 12,379.

The first two of these cases must be considered as overruled by Lockwood v. Exchange Bank, supra, and as to the last, Judge Lowell said, in his Treatise on Bankruptcy, § 409:

"It was held by a late able judge that, if the bankrupt has given a mortgage upon property which is expressly exempted from the decree, such as a homestead, the general creditors have an equity to require him to apply his security before proving. This decision contravenes the general rule, and its soundness is doubted."

The general rule as to crediting securities is thus stated in section 407 of the same treatise:

"The property which must be credited is only that which, if surrendered, would increase the assets against which the proof is offered; because the practice is only excused by a benefit to the general body of the creditors. This reason is so obvious that the French Code, which speaks in very general terms of all secured creditors, is so interpreted by the best writers. Alauzet, No. 2,662."

It follows that the action of the referee must be affirmed and the petitions for review dismissed; and it is so ordered.