In re CALE.

GREGORY CO. v. BRISTOL.

(Circuit Court of Appeals, Eighth Circuit. October 12, 1911.)

No. 3,505.

1. BANKRUPTCY (§ 395*)—PROPERTY PASSING TO TRUSTEE—EXEMPT PROPERTY.

The title to property of a bankrupt which is generally exempted by the law of the state of his domicile remains in the bankrupt and does not pass to his trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 656–658; Dec. Dig. § 395.*]

2. BANKRUPTCY (§ 443*)—ALLOWANCE OF CLAIMS—SECURED CREDITOR.

A judgment creditor of a bankrupt, whose judgment is a lien under the statutes of the state on real estate of the bankrupt which is exempt as against general creditors, has no standing to maintain an appeal from an order of the bankruptcy court made under Bankruptcy Act July 1, 1898, c. 541, § 57e, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), allowing his claim only for the sum due thereon after deducting the admitted value of such real estate, where he fails to argue the question as to the sufficiency of the lien upon exempt property to make of him a secured creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 917; Dec. Dig. § 443.*]

Appeal from the District Court of the United States for the District of Minnesota.

In the matter of L. J. Cale, bankrupt. From an order allowing the claim of the Gregory Company as a secured claim, that company appeals. Affirmed.

Leon E. Lum, for appellant.

A. E. Boyeson and H. H. Flor, for appellee.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

SMITH, Circuit Judge. August 13, 1905, L. J. Cale executed and delivered his promissory note to the Gregory Company. June 11, 1908, said Cale was, on petition of his creditors filed June 1, 1908, adjudged a bankrupt. At the time of this adjudication there was due on the note mentioned $3,150. Appellant on March 31, 1909, filed its claim against the estate of the bankrupt in which it set forth the facts as to security hereafter stated, and the claim was allowed without hearing for $3.150, the full amount due upon it. Later, on motion of the trustee, this allowance was set aside and the claim allowed at $150. and the Gregory Company appeals.

August 26, 1908, the Gregory Company recovered judgment for the sum of $3,218.25 against Cale upon his note in question in the district court of Crow Wing county, Minn., in an action in which the summons was served on May 27, 1908. This judgment was immediately docketed. Under the laws of Minnesota the judgment at once became a lien on all of Cale's nonexempt real property within that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county. Prior to March 1, 1906, the laws of Minnesota provided that a quantity of land not exceeding in amount one lot within a city having over 5,000 inhabitants should, with the dwelling house thereon owned and occupied by any resident of the state, be exempt from levy as a homestead. In the revision of the laws of Minnesota of 1905, which did not go into effect until March 1, 1906, the limit on an exempt homestead in the platted portion of an incorporated place having 5,000 inhabitants or over was changed from one lot to one-third of an acre, but it was expressly provided that this should neither enlarge nor diminish the homestead exemptions as against debts contracted prior to the taking effect of the new law. Cale owned, at all times here material, lots 7, 8, and 9, in. block 43 in the city of Brainard, an incorporated city of over 5,000 inhabitants. The lots in question were covered with valuable improvements, and the home of the bankrupt was on lot 9. This lot was alone exempt as against appellant's claim, but lot 9 did not contain one-third of an acre, and more of the tract was exempt as against the general creditors whose debts were contracted subsequent to March 1, 1906. This property, exempt as against general creditors but not exempt as against the Gregory Company claim, was found by the District Court to be worth $3,000, and that amount was deducted from the Gregory Company's claim as finally allowed. It is agreed by all parties that the portion of lots 7 and 8 exempt as against all general creditors but subject to the Gregory Company claim was well worth $3,000 at the time of the decision by the District Court.

[1] The title to property of a bankrupt which is generally exempted by the law of the state of domicile of the bankrupt remains in the bankrupt and does not pass to the trustee. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; Ingram v. Wilson, 125 Fed. 913, 60 C. C. A. 618; In re Nye, 133 Fed. 33, 66 C. C. A. 139; In re Celsus Orear, Trustee, 189 Fed. 888, decided by this court at the May term, 1911.

[2] Section 2 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]) confers upon the bankruptcy courts such jurisdiction at law and in equity as will enable them to determine all claims of bankrupts to their exemptions. By section 7 it is made the duty of a bankrupt to file a sworn schedule of his property and a claim for such exemptions as he may be entitled to, and by section 47a the trustee is required "to set apart the bankrupt's exemptions." General order No. 17 further prescribes the procedure in such cases. Section 57e of the bankruptcy act provides that claims of secured creditors shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities, and subdivision 23 of section 1 of the act provides that a "secured creditor" shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this act. Section 57h provides:

"The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such

creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance."

There was set apart to Cale lot 9 and the south 50 feet of lots 7 and 8 as his homestead, and from that order no appeal has been taken. It thus appears that the south 50 feet of lots 7 and 8 are subject to the lien of the Gregory Company judgment, but, being in general exempt, do not belong to the trustee. Not only is the south 50 feet of lots 7 and 8 liable to seizure under the Gregory Company judgment, but ever since August 26, 1908, the Gregory Company has had a statutory judgment lien upon that specific property. Apparently there is no doubt that appellant's claim is amply secured to the amount of $3,000.

After the decision of this case below, the district court of Crow Wing county, Minn., ordered special execution upon the judgment of the Gregory Company against the real estate exempt as against the general creditors but not exempt as against its claim and enjoined the collection of said judgment against any other property. From that judgment Cale has appealed to the Supreme Court of Minnesota.

In appellant's brief it is said:

"The only interest appellant has in this appeal is to protect itself by preserving its action in the federal courts in case of a possible adverse decision in the state Supreme Court."

However natural it may be for appellant to desire to thus hold this case open until it obtains the final opinion of the Supreme Court of Minnesota, this court cannot reverse the action of the court below unless appellant has shown that such action was erroneous.

There is some conflict of opinion as to whether one who holds security upon the exempt property of the bankrupt is a "secured creditor" as defined in subdivision 23 of section 1 of the bankruptcy act. In re Meredith (D. C.) 144 Fed. 230; In re Bailey (D. C.) 176 Fed. 990.

This question has not been argued in this case, and under the settled practice will not be determined.

The appellant appears to be amply secured in fact and has wholly failed in argument to call attention to any error committed by the District Court. Its action is therefore affirmed.