In re HARTZELL.

CENTURY SAVINGS BANK v. ROBT. MOODY & SON et al.

(Circuit Court of Appeals, Eighth Circuit. December 11, 1913.)

No. 3,793.

1. BANKRUPTCY (§ 455*)—ADMINISTRATION OF ESTATE—DEMAND AGAINST ESTATE—PRESENTATION FOR ALLOWANCE.

Presentation for allowance of a demand against a bankrupt's estate is a step in bankruptcy proceedings as to which an appeal is especially provided by Bankr. Act July 1, 1898, c. 541, § 25, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), and, if both a demand and a lien securing it be presented at the same time, the procedure for the former dominates, the lien being regarded as a mere incident, but the creditor may assert his lien alone so as to create a controversy appealable under section 24a.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. § 455.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 440*)—SALE OF REAL PROPERTY—MORTGAGES—MARSHALING ASSETS—APPEAL—"CONTROVERSY ARISING IN BANKRUPTCY PROCEEDING."

Where a proceeding for the sale of mortgaged real property belonging to a bankrupt and to determine the priority of the respective liens resolved itself ultimately into a controversy between the lienholders, the property not selling for enough to pay the liens, and the trial court proceeded as in a plenary, independent controversy and rendered a decree, it was properly regarded as a controversy arising in bankruptcy proceedings and reviewable by appeal and not by petition to revise.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*]

Appeal from the District Court of the United States for the Southern District of Iowa.

In the matter of bankruptcy proceedings of Oscar M. Hartzell. An order entered on issues joined between the Century Savings Bank, Robt. Moody & Son, and R. A. Crawford, administrator of the estate of Emma G. Johnson, deceased, having been reversed on the appeal of the bank (204 Fed. 963), and a decree having been vacated, a motion was made to dismiss the appeal, on the ground that the remedy was by petition to revise. Denied.

Horatio F. Dale and W. G. Harvison, both of Des Moines, Iowa, for appellant.

S. F. Prouty, of Des Moines, Iowa, N. P. Willis, of Canadian, Tex., and Geo. F. Haid, of St. Louis, Mo., for appellee Robt. Moody & Son.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. This is a motion to dismiss the appeal of the Century Savings Bank from a decree of a District Court as a court of bankruptcy upon the ground that the exclusive remedy was by petition to revise. The appeal had been argued, submitted, and decided without suggestion by any one that appellant should have come here,

by a different route. After our opinion had been handed down (Century Savings Bank v. Robt. Moody & Son, 204 Fed. 963, 123 C. C. A. 285), and a decree had been entered in favor of appellant reversing the decree of the District Court, the appellees requested us to set the decree aside and make findings of fact and conclusions of law according to General Order in Bankruptcy No. 36, subd. 3 (89 Fed. xiv, 32 C. C. A. xxxvi), to enable them to take the case to the Supreme Court. The general order provides that the findings and conclusions be made at or before the entering of the decree. It is our practice not to anticipate a further appeal, but to await request for findings and conclusions; and, if the decree has then been entered, to vacate it so that the order may be observed. Therefore, when appellees made their request the decree was vacated, but, that being done, they for the first time challenged the particular method by which this court had acquired cognizance and made the motion to dismiss.

Passing the matter of practice disclosed by the foregoing, the question presented depends upon the character of the proceeding below from which the appeal was taken. By section 2, p. 7, of the Bankruptcy Act, courts of bankruptcy have jurisdiction to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto." Section 24a gives Circuit Courts of Appeals jurisdiction by appeal of "controversies arising in bankruptcy proceedings." By 24b they have jurisdiction in equity to superintend and revise in matter of law proceedings in bankruptcy. Section 25a, which also relates to proceedings in bankruptcy or bankruptcy proceedings proper as distinguished from controversies, provides for appeals to the Circuit Court of Appeals in three classes of cases, the third being "a judgment allowing or rejecting a debt or claim of five hundred dollars or over"; but this case is not of that character.

[1] The following conclusions may be drawn from the decisions of the Supreme Court: The presentation for allowance of a demand against a bankrupt's estate is a step in bankruptcy proceedings as to which appeal is specially provided by section 25. If both a demand and a lien to secure it be presented at the same time, the procedure for the former dominates, the lien goes along as an incident, and the double presentation is also regarded as a step in the bankruptcy proceeding. To this effect are Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, and In re Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725. Of Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179, sometimes carelessly cited, the court said in Coder v. Arts:

"The contest in the Otis Case, as in this, was over the claim presented, and, incidentally, to establish a lien upon the bankrupt's estate."

In none of the cases, however, has it been held that there cannot be an independent assertion of the lien alone so as to create a controversy appealable under section 24a. Knapp v. Milwaukee Trust Co., 216 U. S. 545, 30 Sup. Ct. 412, 54 L. Ed. 610, and Houghton v. Burden, 228 U. S. 161, 33 Sup. Ct. 491, 57 L. Ed. 780, are examples of controversies over liens. In the former, the trustee first petitioned for the sale of the bankrupt's property. A mortgagee then intervened

"and asked to have the lien of the mortgage established as the first lien on the property and satisfied out of the proceeds of the sale. The property was sold, and the question is as to the lien of these mortgages upon the fund." It was held this made an appealable controversy, not a bankruptcy proceeding. Houghton v. Burden, as explained by the report in the Court of Appeals, In re Canfield, 113 C. C. A. 562, 193 Fed. 934, also involved an independent assertion of a security or lien giving rise to a controversy appealable under section 24a. Coder v. Arts and In re Loving, on the one hand, and Knapp v. Milwaukee Trust Co. and Houghton v. Burden, on the other, are in entire harmony. Other instances of appeals in controversies over liens are Hurley v. Railway, 213 U. S. 126, 29 Sup. Ct. 466, 53 L. Ed. 729, Id., 82 C. C. A. 453, 153 Fed. 503, and Merchants' Nat. Bank v. Sexton, 228 U. S. 634, 33 Sup. Ct. 725, 57 L. Ed. 998, sub nom. In re Kessler, 108 C. C. A. 239, 186 Fed. 127, without discussion, however, of the particular appellate remedy. The latter case went to the Court of Appeals by both appeal and petition to revise, and it does not appear which was entertained, but as section 25 did not apply, and as there was a further appeal to the Supreme Court, jurisdiction depended upon 24a, not 24b. Had it been a petition to revise under 24b, see Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116. Whether there is a controversy for appeal or a mere bankruptcy proceeding for petition to revise does not necessarily depend upon who first brought it about. For example, in the Knapp Case, which was held to be a controversy, the trustee petitioned that the property be sold and then the mortgagee appeared for the assertion of his lien.

[2] Is this case a controversy arising in a bankruptcy proceeding within 24a, or is it a bankruptcy proceeding under 24b? If the former, appeal is the remedy; if the latter, petition to revise. In our former opinion only those facts were recited which were necessary to present the question decided. It is now necessary to go further to determine the character of the proceeding in the District Court. One Hartzell had been adjudged bankrupt. In his estate were 960 acres of land heavily incumbered with mortgage, judgment, attachment, and tax liens. His homestead was included in this land and was claimed as such in his schedule, but the exemption was afterwards waived by him and his wife. The trustees in bankruptcy filed a petition that the land be sold free of all incumbrances, that the liens be marshaled and transferred to the proceeds, that a prior sale under a foreclosure of a mechanics' lien and also an attachment be declared null and void, and "that these trustees have all other relief as may be necessary and proper in the premises." The appellant, the Century Savings Bank, had a valid mortgage upon all of the land including the homestead. Moody & Son, the appellees, had a mortgage upon all of the land including the homestead; but as to the latter the wife of the bankrupt had not joined. The appellant bank filed what it termed an answer, in which it asked relief against not only the trustees but also the appellees. It set out in this pleading the various incumbrances and liens in detail, admitted some as superior to its mortgage, claimed that others were inferior, denied that the appellees had any mortgage or interest in any

of the real estate, and alleged that their pretended mortgage on the homestead was null and void under the state statute because the bankrupt's wife had not joined. The appellant also denied the right of the trustees to the homestead and the jurisdiction of the court over it except to determine the boundaries and set it off to the bankrupt with leave to the creditors to prosecute their liens against it in the state courts; but said it did not object to the sale of the property provided its mortgage rights were protected and extended to the proceeds. It averred that it had filed its claim as a creditor of the bankrupt. The prayer was that, if the property was sold free from the liens, the proceeds be distributed in the order definitely specified by the appellant, those of the homestead to be kept separate, and that if there then remained a balance due appellant it should in respect thereof be allowed to participate with other creditors in the general assets and "for all such other and further relief as to equity may pertain." The pleading of the appellant, though styled an answer, was in substance an intervening petition claiming affirmative relief in respect of its lien against both the trustees and the appellees. The claim against the trustees, if it had any merit, which is doubtful, became immaterial, as will presently be seen, and the real controversy was between appellant and appellees over the validity of appellees' mortgage and the priority of their respective liens. It is important to note that appellant was not asserting its mortgage lien as an incident to the presentation for allowance of its claim against the general estate, as was the case in Coder v. Arts and In re Loving. So far as could be in the nature of things, there was a separate, independent assertion of its mortgage. The District Court ordered the sale of the lands and that the liens be transferred to the proceeds. The sale was made for a sum insufficient to pay the mortgages, all of which were prior to and unaffected by the bankruptcy proceedings. In other words, it became manifest nothing would be left for the general estate, and it could be of no interest to the trustees or the general estate whether a deficiency of claim after the application of the proceeds of the mortgaged realty should be that of appellant or that of the appellees; so there was then disclosed a controversy in which the trustees had no real interest but which was between individual lienholders. The District Court then proceeded to try the issues between the appellant and the appellees. The appellant filed exceptions to the proposed findings of fact, conclusions of law, and decree of the District Court; the exceptions were overruled; and a decree was entered in favor of the appellees upon the matter in difference between them and the appellant. The nature of this decree appears from our former opinion.

The case has the substantial aspects of an independent controversy. There is a distinct alignment of parties, and pleadings unconnected with the ordinary assertion for allowance of a demand against the estate. The marshaling of liens is a substantive head of equitable jurisdiction. Appellant's pleading was in substance and form an intervention in equity. The trial court proceeded as in a plenary, independent controversy and called its conclusion a decree. To be sure, the property belonged to the bankrupt and was in the control of the trus-

tees, but section 2, p. 7, and section 24a contemplate controversies over property so owned and situated. A controversy under 24a may be as to title (Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986), or as to lien (Knapp v. Milwaukee. Trust Co., supra); but if the latter it should arise independently of the ordinary presentation for allowance of the claim it secures (Coder v. Arts, supra). This was a controversy under 24a, and appeal, not petition to revise, was the proper remedy.

The motion to dismiss is denied. The request for findings of fact and conclusions of law is also denied. General order 36 does not apply. Knapp v. Milwaukee Trust Co., supra. The order setting aside the decree is vacated.

SMITH, Circuit Judge. I concur in the foregoing opinion, but in doing so attach weight to the fact that this was a controversy as to the proceeds of the homestead and so far as the matters here are concerned involved nothing else. The homestead was exempt under the laws of Iowa. Section 2972, Code of 1897. Under the circumstances, the title to it did not pass to the trustee. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; Ingram v. Wilson, 125 Fed. 913, 60 C. C. A. 618; In re Nye, 133 Fed. 33, 66 C. C. A. 139; In re O'Rear, 189 Fed. 888, 111 C. C. A. 150; Gregory v. Bristol, 191 Fed. 31, 111 C. C. A. 89; Huntington v. Baskerville, 192 Fed. 813, 113 C. C. A. 137.

The only jurisdiction the court had in the bankruptcy proceeding proper was to set apart the· exemptions. True, the homestead was mortgaged with other property which was subject to the bankruptcy proceeding, but the entire property was mortgaged for more than it was worth. The general creditors had no claims against the homestead, and the District Court as a court of bankruptcy had no jurisdiction to take the homestead into its possession because the general creditors had and could have no claims against it. The court of bankruptcy as such therefore had nothing whatever to do with the homestead except to assign or set it off. If the homestead or its proceeds ever further came within the jurisdiction of the District Court, it was not in the bankruptcy case proper, but in a controversy which arose therein.

The opinion of Judge HOOK is exhaustive and is, I think, correct, but I prefer to put my concurrence chiefly upon the grounds just stated.