### In re LANTZENHEIMER et al.

(District Court, N. D. Iowa, Cedar Rapids Division. August 24, 1903.)

1. BANKRUPTCY—SECURED CREDITORS—MORTGAGE ON EXEMPT PROPERTY—DEFENDANTS.

Bankruptcy Act July 1, 1898, § 57h, 30 Stat. 560, c. 541 [U. S. Comp. St. 1901, p. 3443], providing that the value of securities held by creditors shall be determined by converting them into money, or by agreement, etc., and the ascertained value shall be credited on the claim, and a dividend paid only on the unpaid balance, is not limited by section 6, Act July 1, 1898, 30 Stat. 548, c. 541 [U. S. Comp. St. 1901, p. 3424], providing that the act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition, so as to authorize a creditor holding a mortgage on exempt property to receive a dividend on his entire claim, and resort to the security only to satisfy a balance unpaid.

Submitted on Exceptions to Ruling of Referee with Respect to Claim of Mahala J. Brodie.

Hemenway & Martin, for the creditor.

SHIRAS, District Judge. The facts in this case are that the creditor, Mahala J. Brodie, holds a mortgage upon a piano belonging to the bankrupt as security for the claim she seeks to prove up against the estate, and it was ruled by the referee that she could prove up her claim only for the difference between the amount of her claim and the value of the security held by her. To this ruling the creditor excepts, and now contends that, as the piano is exempt from execution under the provisions of the state law, she should be permitted to receive a dividend on the full amount of her claim, and then resort to

the security to make good the balance left unpaid. The provisions of clause h, § 57, Act July 1, 1898, 30 Stat. 560, c. 541 [U. S. Comp. St. 1901, p. 3443], are to the effect that the value of securities held by creditors shall be determined by converting them into money, or by agreement, arbitration, compromise, or litigation, and the ascertained value shall be credited upon the claim, and a dividend shall be paid only on the unpaid balance. This clause of the section makes no distinction between cases wherein the creditor holds security upon property exempt from execution, and those wherein the security is upon property liable to general execution. Counsel contend, however, that section 6, Act July 1, 1898, 30 Stat. 548, c. 541 [U. S. Comp. St. 1901, p. 3424], which declares that "This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition," limits the provision of clause h of section 57 in such sense as to require the holding that, when the security is on property exempt by the laws of the state, the creditor is entitled to receive a dividend upon his entire claim, leaving the security unimpaired; it being urged that unless this rule is adopted, the exempt property is indirectly subjected to the claims of the general creditors. If by the statute of the state it was provided that the creditor could not enforce a mortgage or other lien upon exempt property until the nonexempt property had been exhausted, there would be force in the contention of counsel, for by the provisions of section 6 the bankrupt is declared entitled to all the benefits secured to him by the exemption laws of the state; but the court is not justified in giving a strained construction to the state exemption law in order to evade the plain meaning of clause h of section 57 of the bankrupt act of July 1, 1898 (30 Stat. 560, c. 541 [U. S. Comp. St. 1901, p. 3443]). If the bankrupt proceedings had not been instituted in this case, the creditor would have had the full right to enforce her mortgage security upon the piano, without exhausting the nonexempt property of the debtor; and the exemption privileges secured to the bankrupt by the state statute are not restricted or lessened by holding that the creditor can prove up her claim, and receive a dividend only on the difference between the value of the security and the full amount of her claim.

The rule contended for by the creditor would result, in the great majority of the cases, in giving to the creditor a greater share in the estate of the debtor, without really benefiting the bankrupt; and I can see no good reason why the court should interpolate into clause h of section 57 an exception not named therein, to wit, that if the security held by the creditor is upon exempt property, the creditor can prove his claim for the whole amount due.

The argument relied on by counsel for the creditor in this case is "that the effect of requiring the claimant to exhaust the security is to enhance the general estate pro tanto, and by so much to diminish the bankrupt's exemption." This result, however, is not caused by any modification of the state exemption law by the provisions of the bankrupt act, but results from the act of the bankrupt himself. Under the provisions of the state law, he could have held the piano ex-

empt as against all his debts, including that due to the mortgagee. He chose, however, to give a mortgage on the property, as he had a right to do, and he thus subjected the piano to a liability for the debt due the mortgagee. If bankruptcy proceedings had not been brought, the mortgagee could have sold the piano, and applied the proceeds to the payment of the secured debt. This would have benefited the general creditors by reducing the amount of the debts collectible from the nonexempt property, but that fact could not have been successfully urged as a reason why the creditor could not enforce the mortgage lien until the nonexempt property had been exhausted. The institution of the proceedings in bankruptcy did not change the rights of the mortgagor and mortgagee in this particular. The latter still retained the right to enforce the mortgage against the property, and in requiring the mortgagee to credit upon her claim the value of the mortgage security, as provided for in section 57 of the bankrupt act, no burden was cast upon the exempt property other or different in its results than would have been the case had the proceedings in bankruptcy not been brought. The effect upon the exemptions of the bankrupt, whatever it may be, of enforcing the mortgage lien is the result, not of any special provisions of the act, but of the act of the debtor in creating a special lien upon the exempt property; and there is nothing in the act which requires the ruling that greater protection must be extended to exempt property in the administration of estates in bankruptcy than would be afforded under the provisions of the state law in case the debtor had not been adjudged a bankrupt.

The exceptions to the ruling of the referee are overruled.