---

### In re CALE.

(District Court, D. Minnesota, Fifth Division. October 20. 1910.)

BANKRUPTCY (§ 310*)—SECURED CLAIMS—EXEMPT PROPERTY.

A bankrupt owned certain real estate, part of which was exempt as a homestead as against all creditors, and the balance exempt as homestead, except as to debts created prior to the taking effect of Rev. Laws Minn. 1905, §§ 3453, 3454, which extended and enlarged the exemption laws previously existing. Claimant, having a debt created prior to the revision, recovered a judgment against the bankrupt in the county where the real estate was situated, after adjudication, but before the bankrupt's discharge, and such judgment became a lien on a part of the debtor's homestead. Held, that such claim, in so far as the property was sufficient to pay the same, was a secured claim, as provided by Bankr. Act July 1, 1898, c. 541, § 57, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), enforceable only in the state courts to that extent, and not through a sale by the trustee; and hence the claim was provable in bankruptcy proceedings only to the extent of the balance.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 310.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of bankruptcy proceedings of Lewis J. Cale, bankrupt. On petition to set aside an order allowing the claim of the Gregory Company as a claim against general assets to the extent that it was secured by means of a judgment lien on real estate. Granted, and claim allowed as against general assets to the extent of $150 only.

The following are the findings and report of Referee William O. Pealer:

The Gregory Company duly filed its claim, with full recital of its secured character, in the above-entitled proceedings, on March 31, 1909, and without hearing the same was approved and allowed at $3,150. Thereafter the trustee moved that the order allowing the claim be vacated and a hearing had, upon the ground that the same is wholly or partly secured, and that the security should be enforced for the benefit of the estate, and any deficiency paid by the trustee pro rata with the claims of the other creditors. A hearing was had on the motion after due notice to the bankrupt and the claimant on August 24, 1909, at which were present the bankrupt and his attorney, who declined to appear or take any part in the hearing; the trustee and the claimant by their attorneys. The facts were admitted, and I find:

That on August 13, 1905, the bankrupt, for value received, executed and delivered to claimant a promissory note, on which there was past due, at the date of filing the petition in bankruptcy, June 1, 1908, $3,150, irrespective of a judgment thereupon, which was duly recovered by default and docketed in the district court of Crow Wing county, Minn., against the bankrupt, for $3,218.25, on August 26, 1908, in an action commenced by service of the summons on May 27, 1908, which has never been appealed from, or modified, or satisfied in whole or in part.

That on June 11, 1908, the debtor was adjudged bankrupt. That he was then the owner in fee and of record of lots 7, 8, and 9, in block 43, of the town (now part of the city) of Brainerd, according to the recorded plat thereof, which lots were each 25 by 130 feet in size. The city contained more than 5,000 inhabitants, and said lots were the common size therein, and were entirely covered by four store buildings. That thereafter an order was made by me, on December 15, 1908, containing a statement of the facts, after notice to the bankrupt and creditors, the bankrupt having petitioned to have his exemptions determined, and the same being in dispute, and after hearing, in which the bankrupt and the trustee appeared, setting apart the debtor's homestead, as follows:

"I hereby designate and set aside to said Lewis J. Cale, as his homestead under the laws of the state of Minnesota, the following described property, situate in the county of Crow Wing, in said state, to wit: The two two-story brick buildings situate on the north eighty feet (N. 80 ft.) of lot nine (9), in block forty-three (43), in the city of Brainerd, and on the south fifty feet (S. 50 ft.) of lots seven (7), eight (8), and nine (9), in said block aforesaid, together with the ground or land upon which the same are situate, excepting and reserving therefrom, however, an undivided one-half interest in the partition walls between the two-story brick building on the north eighty feet (N. 80 ft.) of lot nine (9) and the three-story brick building on the north eighty feet (N. 80 ft.) of lot eight (8), and between the south end of the last-named building and the two-story brick building situate on the south fifty feet (S. 50 ft.) of lots seven (7), eight (8), and nine (9), together with an undivided one-half interest in and to the land actually occupied by the same, being the undivided interest hereinafter determined to be the property of L. S. Bristol, as trustee in bankruptcy of said Lewis J. Cale. And I hereby further designate and set apart to said Lewis J. Cale, as appurtenant to his homestead, an easement embracing the right on the part of Lewis J. Cale, his heirs and assigns, to the use and enjoyment in common with said L. S. Bristol as such trustee in bankruptcy, and his assigns, of the entrance at the north end of said building on the north eighty feet (N. 80 ft.) of lot (8), together with the stairway from the first floor to the second floor of said building, and the hallway on the said second floor leading to the rear of said building."

That said order has not been modified or appealed from, and the trustee has taken possession of the land not so set apart.

That the debtor was on February 12, 1909, discharged in bankruptcy by the court.

That the value of the south 50 feet of lots 7 and 8, with the use of the stairway easement on lot 8 in common with the debtor, is $3,000.

As conclusions of law I find:

That the claim of the Gregory Company should be allowed in full, less the value of said south 50 feet of lots 7 and 8, and the easement for a stairway in common with the debtor, and less the costs of judgment and interest after June 1, 1908.

It is ordered, that my former order allowing the claim of the Gregory Company be and the same is hereby vacated, and the claim is hereby approved and allowed at $150.

### Referee's Memorandum.

It is argued by the trustee that the debt is secured on account of the provisions of the Minnesota statute as to exemptions, and, the judgment being a lien upon property exempt as to general creditors, the security can and must be enforced to the amount of $3,000, and the claim allowed for the balance.

It is argued by claimant that the claim is not secured within the meaning of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]); that, if the judgment is a lien, it is upon part of the bankrupt's homestead only, and the equities of the bankrupt's family are greater than the equities of the general creditors, and the claim should be paid so far as possible out of the general assets, and execution issue in the state court for the deficiency against the part of the homestead unexempt as to it, or the trustee should take possession of and sell the same, applying so much of the proceeds as may be necessary to the satisfaction of such deficiency.

Taking the arguments seriatim, it being true, and admitted, that prior to Rev. Laws Minn. 1905, §§ 3453, 3454, the debtor could hold as exempt only lot 9, his dwelling place, and that claimant's debt was contracted prior to the taking effect of said revision, the trustee cites cases holding or intimating that, in states where waiver of the homestead exemptions is allowed, such a waiver is a security to the creditor in whose favor it is given. In re Case of Bass, 3 Woods, 382, Fed. Cas. No. 1091; Lockwood v. Exch. Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, effect explained in Re Hartsell (D. C.) 140 Fed. 30; Bell v. Dawson Co., 120 Ga. 628–630, 48 S. E. 150; Bankruptcy Act, § 57, cls, "e" and "h."

I can see no difference between the creation of nonexemption by the debtor and by statute. The docketing of a judgment in Minnesota makes it a lien upon real estate, and execution and levy thereunder makes it a lien upon personal property not exempt. That claimant's judgment is a valid lien, enforceable by restricted execution in the state court, upon the part of the debtor's homestead unexempt as to this claim, irrespective of the bankruptcy and unaffected by the discharge of the bankrupt's personal liability, is supported by the foregoing references, and by In re Durham (D. C.) 104 Fed 231; Bank of Commerce v. Elliott, 109 Wis. 648, 85 N. W. 417; Powers Dry Goods v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770, followed in McKenney v. Cheney, 118 Ga. 387, 45 S. E. 433, and in Re Weaver (D. C.) 144 Fed. 229. See, also, First Nat. Bank v. Bartlett, 35 Pa. Super Ct. 593, 21 Am. Bankr. Rep. 88; Collier on Bank. (5th Ed.) 786; section 67c, Bankruptcy Act; Groves v. Osburn, 46 Or. 173, 79 Pac. 500. That only the deficiency should be paid out of the general assets is decided, and adversely to claimant's contention, in Re Meredith (D. C.) 144 Fed. 230. It is raised and left undecided in Re Case of Bass, supra, and passed without notice of the equities of the debtor's family in all the other foregoing cases.

The bankrupt's counsel referred informally at the hearing to Cavanaugh v. Fenley, 94 Minn. 505, 103 N. W. 711, 110 Am. St. Rep. 382. The case is not in point. The wages garnished were exempt or not exempt as to the particular creditor and all other creditors. If they were exempt, garnish-

ment before judgment or levy after judgment was invalid, aside from any provision of the bankruptcy act. If they were not exempt, they passed to the trustee upon the adjudication of bankruptcy, which also annulled the garnishment. The judgment was no lien, apparent or real, upon the property, and the debtor was discharged. Also the state court acquired no jurisdiction over the judgment debtor, and by the annulment of the garnishment lost jurisdiction of his property, and the judgment was invalid. Had it acquired jurisdiction, the result, as the court says, would have been the same. The judgment debtor was entitled to have execution against himself and his previously exempt and his after-acquired property perpetually stayed, as is Cale. The Supreme Court of Minnesota gave expression to general statements of the bankruptcy law, and had no thought of such unusual facts as are presented in the Cale Case and those similar in the decisions hereinbefore referred to.

The case of Hill v. Harding, 107 U. S. 631, 2 Sup. Ct. 404, 27 L. Ed. 493, referred to in Boynton v. Ball, 121 U. S. 457, 7 Sup. Ct. 981, 30 L. Ed. 985, cited in the Minnesota case, recognizes a "special judgment in favor of plaintiff" (defendant being discharged in the bankruptcy proceeding and the debt gone) for the enforcement of a previously acquired valid attachment. In the case of Cale it would seem that there should be a special execution to enforce a valid judgment lien upon the exempt property and a perpetual stay of execution for all other purposes. When this is done, the purpose of the bankruptcy act has been fulfilled. The debtor has given up all his unexempt property and been released, and the creditors have exhausted the property and must be satisfied. Any other disposition would not result in fulfilling the intention of the bankruptcy act.

Leon E. Lum, for claimant.
A. E. Boyesen, for trustee.

MORRIS, District Judge. The above-entitled matter came on to be heard upon the petition of the Gregory Company, a corporation under the laws of Minnesota, one of the creditors of said bankrupt, alleging manifest error to the prejudice of said company by the referee in his findings and order, heretofore entered in said matter, allowing at $150, and disallowing to the extent of $3,000, the claim of said company, and amending the order previously made allowing said claim in full, and praying that it might be decreed that said claim be allowed in full, and that, if said company has any security therefor, proper order be made for the enforcement of such security, and for the application of the proceeds, and for further relief. Leon E. Lum, Esq., appeared on behalf of said company, and A. E. Boyeson, Esq., appeared on behalf of the trustee of said bankrupt.

From the order of the referee brought up for review it appears that certain real estate of the bankrupt is exempt as a homestead against all creditors, and certain additional real estate is exempt as to debts created after the taking effect of Rev. Laws Minn. 1905, but not as to previous debts, of which claimant's is one; that claimant duly recovered in the district court of the county in which said real estate is situate judgment for its debt, after the adjudication in bankruptcy, and before the bankrupt's discharge, which judgment became a lien upon a part of the debtor's homestead, and thereafter claimant filed its claim, setting up all the facts, which claim was allowed by the referee at an amount obtained by deducting the admitted value of the part of the debtor's homestead not exempt as to the debt from the total judgment, less the costs included in the judgment, and interest from the date of the adjudication in bankruptcy, holding that the

judgment is security under section 57 of the bankruptcy act, and that it is enforceable only in the state courts, and not through sale by the trustee of the property. It further appears from the files that the referee has ordered the trustee to take steps in conjunction with the claimant for the enforcement of the judgment.

The authorities cited by the referee sustain his conclusions. Claimant's judgment is a lien upon certain exempt property not passing to the trustee, and should be enforced against such property in the state court. As the personal liability of the debtor has been discharged by this court, the state court will protect the debtor by allowing execution only against such property and perpetually restraining further execution. Had answer been made to claimant's complaint in the action in which the judgment was obtained, setting up a defense, or the adjudication in bankruptcy, this court, following decisive precedents, would have stayed the bankrupt's discharge, if necessary, until claimant's right to judgment should be determined in the state court.

It seems to be settled, until the United States Supreme Court shall decide differently, that the right of the general creditors to the general assets will be protected, and that the creditor with an enforceable lien or claim against exempt property can collect only the deficiency from the general assets. The cases are fully cited in the referee's memorandum.

No error or prejudice is found in the ruling of the referee, and it is ordered and adjudged that the order brought up for review be affirmed, and that the claim of the Gregory Company be allowed at $150.