### In re ANDERSON.

(District Court, D. Minnesota, Sixth Division. March 2, 1926.)

Bankruptcy ⬅310, 323—Creditor with mortgage on homestead is not "secured creditor," and may file claim in bankruptcy proceeding for full amount, without deduction on account of mortgage (Bankruptcy Act, §§ 1 [23], 57h [Comp. St. §§ 9585, 9641]).

Under Bankruptcy Act, § 1 (23), being Comp. St. § 9585, one holding lien on property which does not pass to trustee is not secured creditor within meaning of act, and hence section 57h (Comp. St. § .9641) does not apply to lien on homestead, and creditor having mortgage on homestead should be allowed to file claim in bankruptcy proceeding for full amount, without deduction for mortgage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Secured Creditor.]

In Bankruptcy. In the matter of William G. Anderson, bankrupt. On petition to review an order of the referee allowing the claim of a creditor, less the value of home-

stead which was security for the claim. Order reversed.

George W. Peterson, and F. M. Brist, both of St. Paul, Minn., for Bank of Long Prairie.

Henry F. Prinz, of Long Prairie, for certain objecting creditors.

CANT, District Judge. In this proceeding one of the creditors holds a mortgage on the homestead of the bankrupt as security for his claim. In connection therewith, the question is whether section 57h of the Bankruptcy Act (Comp. St. § 9641) applies. That section and subdivision relate to secured creditors only, but do not define that term. The definition is found in section 1 (23) of the act (Comp. St. § 9585). The language employed in such definition, so far as here material, reads as follows:

"'Secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this act."

The expression is not well worded, and its meaning at a casual reading is not entirely clear. A more careful study, and that in connection with the other provisions of the act, makes the meaning reasonably apparent. The question is one of legislative intent, gathered from the language used, and that, if possible, must be ascertained and determined. If the creditor in question is a secured creditor within the meaning of the law, section 57h applies; otherwise, it does not.

The controlling words in the definition, upon the point here involved, are "of a nature to be assignable under this act." The question with reference to these words is whether they relate to the word "security" as their antecedent, or to the word "property." They are to be understood in a broad sense as equivalent to the expression "of a nature such that it will pass to the trustee under this act." The word "assignable," as here used, is probably a heritage from the Bankruptcy Act of 1867, where at section 14 thereof (14 Statutes at Large, 522) provision is made for assigning and conveying the estate of the bankrupt to the assignee provided by the act. Under the present statute, exempt property does not pass to the trustee. Section 6 (Comp. St. § 9590). It is not assignable under the act. See, also, section 70 (Comp. St. § 9654).

Referring the expression above mentioned to the word "security" does not seem like a sensible construction. It would be without meaning. The security cannot properly be referred to as assignable under the act. It is held by the creditor, not by the bankrupt. Even if assignable under the act in some possible sense, such assignability bears no relation to the question of whether the holder thereof should be considered a secured creditor. There is no apparent reason why a creditor holding security which would pass to a trustee under the act, if the creditor should become bankrupt, should be classed differently than if his security would not so pass. It is reasonably clear, however, that Congress had nothing of this kind in mind. It was not thinking of creditors who might become bankrupt. Nowhere in the act does Congress make any distinction between securities, and there is no occasion or justification therefor. All securities are assignable under the act if we choose to transfer our thought to the security holder and to his possible bankruptcy; but the act assumes that the subject to which the words in question relate shall sometimes be assignable and sometimes not.

Property upon which security is held, and which may be exempt, or may not, meets the terms of the language in question. Such language is appropriate thereto. There are reasonable grounds for the rule that one holding a lien on property which is exempt, and which, therefore, does not pass to the trustee under the act, shall not be considered a secured creditor, and that neither he, nor the bankrupt, shall be subject to the provisions of section 57h. Some of these reasons are as follows:

1. The other creditors are not interested in such security and are not entitled to any part thereof. It cannot be brought into the general assets. It is something which, as a matter of grace, has been granted to the creditor.

2. Any other rule would be unfair to the bankrupt. If he must submit to having the homestead valued, and to having such homestead, and the value thereof, applied in the first instance in reduction of the general claim which the lienholder has against the bankrupt estate, the effect of this would be to reduce the amount of the general claims against the assets in the hands of the trustee, by the amount of the value of such homestead, and would thereby increase the dividend which each such general creditor would receive. It would, in effect, be applying the homestead, in part, to the payment of the claims held by the general creditors, who held no liens. Under any such plan, the bankrupt is stripped of his exempt property at the out-

set. That which should be taken last is appropriated at the first. If the other course should be taken, and if all creditors, including the lienholder, should file their claims in full against the estate, each would receive a smaller percentage on his claim, but in that way, in many cases, the lienholder, receiving a percentage on the full amount of his claim, would have a modest balance only remaining unpaid to enforce against the exempt property, and the latter would be saved to the bankrupt, in accordance with the settled policy of our law.

A debtor, for good reason, may be quite willing to give security to a particular creditor, and yet be quite unwilling that such security shall inure to the benefit of all other creditors as well. It is true, as may be urged, that when a bankrupt gives a mortgage on exempt property, he cannot prevent a foreclosure of that mortgage and the application of the exempt property in reduction of the general debt at any time before bankruptcy. This may be true, but is not necessarily persuasive here. In many cases, exact justice cannot be attained. Here there has been no foreclosure, and the circumstances are such that the court is free to act, and is called upon to adjust the rights of the parties and to marshal the assets as may be authorized by law. It often happens that it is to the interest of the lienholder, as well as that of the bankrupt, to file the claim in full in the bankruptcy proceeding and proceed against the exempt property last. The other general creditors are opposed in interest to the bankrupt. It would be to their interest to increase their dividends by the appropriation of some part of the homestead, if that could be done. Questions such as this involve a balancing of the rights of the general creditors against those of the bankrupt. By section 57h and section 1 (23), hereinbefore referred to, the law makers, with wisdom and foresight, have resolved the question in favor of the bankrupt.

3. The creditor itself is here in a different position from that in which it would be if the security was upon property which was not exempt, and which, if discharged from the lien, would at once swell the amount of the general assets in bankruptcy. Its debt has not yet been paid. It has taken nothing from any creditor. Its interests are such that it wishes that its claim, at the full face thereof, shall take its usual course in the bankruptcy proceedings. No creditor is in a position to say that this is unfair to him, or that

his interests will be adversely affected thereby. Indeed, the creditor might at any time waive its lien on the exempt property and file its claim for the full amount thereof, and at the conclusion of the bankruptcy proceedings the debtor might renew his mortgage to the former holder. No creditor, under such circumstances, would have any legal ground of complaint. A mortgage upon exempt property by a debtor to a creditor, without more, is a matter between themselves alone and does not concern other creditors.

The conclusion is that the language of section 1 (23) of the Bankruptcy Act, in effect, carefully provides that a person holding a lien on property which does not pass to the trustee in bankruptcy is not a secured creditor within the meaning of the Act. There is ample reason for the distinction between security on property which passes to the trustee, and security on property which does not. The security here was on property which did not so pass. The holder thereof was not a secured creditor, and the provisions of section 57h of the Bankruptcy Act do not apply to the lien which it held.

The referee in bankruptcy was not without sufficient apparent authority to support the conclusion which he reached. The various authorities, however, upon which he relied, all dispose of the question upon considerations of a general character. None of them reach the point of the matter, which is the definition of the term "secured creditor," as set forth in section 1 (23) of the Bankruptcy Act. In the case of In re Cale, 191 F. 31, 111 C. C. A. 89 (Eighth Circuit), the court expressly states that the question was not argued and is not determined.

The cases so relied upon are as follows: In re Lantzenheimer (D. C.) 124 F. 716; In re Meredith (D. C.) 144 F. 230; In re Cale (D. C.) 182 F. 439; Id., 191 F. 31, 111 C. C. A. 89. As already indicated, the last case is not an authority here.

Opposed to these is the case of In re Bailey (D. C.) 176 F. 990. In that case the court reaches the heart of the matter and rests its decision upon what seems to be a proper construction of section 1 (23) of the Bankruptcy Act.

If the foregoing be correct, it follows, as a conclusion therefrom, that the order of the referee should be reversed, and that the creditor in question should be allowed to file its claim in the bankruptcy proceeding for the full amount thereof, without deduction on account of the mortgage in question.