In the Matter of Alton B. CAIN, dba Alton Cain Hardware, Bankrupt.

No. BK–5–139.

United States District Court
N. D. Texas,
Lubbock Division.

Oct. 23, 1968.

Huffaker & Green, Calloway Huffaker, Gerald Huffaker, Tahoka, Tex., for plaintiff.

Bill Brister, trustee in bankruptcy, Lubbock, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER:

WOODWARD, District Judge.

The Small Business Administration advanced the sum of $15,000.00 on the promissory note of Alton Cain, of which there is $11,472.44 now due. Cain has been adjudged a bankrupt.

To secure the indebtedness, the bankrupt had previously given a lien to the Small Business Administration on miscellaneous assets and about $277.50 has been realized from the sale thereof by the Trustee. In addition to this lien, the bankrupt assigned his ownership interest in three life insurance policies, all of which would be exempt from the

1

claims of creditors in the absence of a voluntary assignment of same.

The Referee in Bankruptcy ordered that the cash value of these insurance policies be determined as of the date of filing of the petition in bankruptcy, that the amount of such value be credited to the claim of the SBA, and that the balance of the claim of the SBA be allowed as a class 5 priority claim.

From this order the bankrupt has appealed.

A Bankruptcy Court has no jurisdiction over the exempt property of the bankrupt, and the exempt property does not constitute any part of the assets of the bankrupt to be administered in bankruptcy. Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). Further, a Bankruptcy Court is without jurisdiction to foreclose a lien on such exempt property. Meek v. Belote, 5 F.Supp. 519 (S.D.Tex. 1933).

Therefore, under the above authorities, the Referee in Bankruptcy is without jurisdiction to order a foreclosure of the lien held by the Small Business Administration against the life insurance policies of the bankrupt. However, the order of the Referee from which the bankrupt appealed did not order a foreclosure or liquidation of the security. The Referee's order merely ordered a determination of value of the security and a crediting of the value so determined to the claim of the SBA.

Under Section 93(h) of Title 11, U.S.C., this court has authority to direct that the amount of the value of such insurance policies be credited upon the claim of the Small Business Administration, and that the balance of said claim be satisfied from other funds of the bankrupt estate as a class 5 priority claim. Such value may be determined by agreement of the Small Business Administration and the Trustee.

It has been argued by counsel for the bankrupt that a creditor who holds a security on exempt property is not a "secured creditor" within the definition of Title 11, U.S.C. § 1(28), and, therefore, is not a "secured creditor" within the terms of Title 11, U.S.C. § 93(h). On this point of law there is a division of authority: Compare Feder v. John Englehorn, 202 F.2d 411 (2d Cir. 1953); In re Anderson, 11 F.2d 380 (D.C.Minn.1926); In re Bailey, 176 F. 990, 991 (D.C.Utah 1910) with Fenley v. Poor, 121 F. 739 (6th Cir.Ky.1903); In re Meredith, 144 F. 230 (D.C.Ga. 1906), and In re Lantzenheimer, 124 F. 716 (D.C.Iowa 1903).

Collier's Bankruptcy Manual, Section 57.04, indicates that the latter authorities are the majority view.

In this case the Referee's Findings of Fact show that the proceeds of the loan made by SBA were used to pay off a then existing loan against the same insurance policies. The use of the loan proceeds for this purpose decrease the general assets of the bankrupt available for distribution to the general creditors, and equity would require that the value of these policies be used to repay this loan. This court is disposed to follow the latter line of authority above quoted, which Collier states to be the majority view, and holds that the SBA is a "secured creditor" within the definition and terms of Title 11, U.S.C. § 1(28) and § 93(h), and, therefore, SBA should reduce the amount of its claim by the value of the security which it holds on the exempt life insurance policies of the bankrupt.

Nothing herein shall prevent or be as a bar to the right of the Small Business Administration to enforce its lien and assignment against the cash surrender value of such insurance policies in any manner provided by law or by the terms of the assignment agreement between the bankrupt and the Small Business Administration.